IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

CA 08 201ML

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br>v.<br><br>ALL FUNDS IN CANTELLA & CO. INC. RENAISSANCE MEDICAL 401(K) P/S PLAN ACCOUNT NUMBER A7T-388599 IN THE NAME OF TAREK WEHBE PRESENTLY OR FORMERLY OF 6 PINE TREE LANE, LINCOLN, RHODE ISLAND 02865, and<br><br>ALL FUNDS IN CANTELLA & CO. INC. RENAISSANCE MEDICAL 401(K) P/S PLAN ACCOUNT NUMBER A7T-388653 IN THE NAME OF MATILDA WEHBE PRESENTLY OR FORMERLY OF 6 PINE TREE LANE, LINCOLN, RHODE ISLAND 02865.<br><br>Defendants | Civil Action No. ________<br><br>**VERIFIED COMPLAINT FOR FORFEITURE IN REM** |

Plaintiff United States of America brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF ACTION

1. This is an action to forfeit personal property, namely all funds in two accounts.

## DEFENDANTS IN REM

2. The defendant property consists of the following:

    (a) all funds in Cantella & Co. Inc. Renaissance Medical 401(k) P/S Plan Account number A7T-388599 in the name of Tarek Wehbe ("Dr. Wehbe") presently or formerly of 6 Pine Tree Lane, Lincoln, Rhode Island 02865; and

    (b) all funds in Cantella & Co. Inc. Renaissance Medical 401(k) P/S Plan Account number A7T-388653 in the name of Matilda Wehbe ("Mrs. Wehbe") presently or formerly of 6 Pine Tree Lane, Lincoln, Rhode Island 02865.

3. The following may have an interest in the defendant properties: Dr. Wehbe and

Matilda Wehbe, both presently or formerly of 6 Pine Tree Lane, Lincoln, Rhode Island 02865.

4. The defendants are presently in the custody of Cantella & Co. Inc., Two Oliver Street, 11th Floor, Boston, Massachusetts 02109. The Plaintiff will request, per a request for an arrest warrant in rem, that Cantella & Co. transfer custody of the defendants to the United States Marshal Service or the United States Treasury Department pending disposition of this action.

**JURISDICTION AND VENUE**

5. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendants. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has in rem jurisdiction over the defendant properties under 28 U.S.C. § 1355(b). Moreover, this Court will have control over the property pursuant to the service of an arrest warrant in rem under Supplement Rule G(3)(b), which Plaintiff will execute upon the property under 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

**BASIS FOR FORFEITURE**

8. The defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) because the defendant properties are involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and/or constitute or are derived from proceeds traceable to a violation of 18 U.S.C. § 1347 (health care fraud), 18 U.S.§ 1341 (mail fraud), and/or 18 U.S.C. § 1343 (wire fraud), both offenses that constitute specified unlawful activities, or are property traceable to such property.

**FACTS**

9. As set forth in the attached and hereby incorporated Declaration of Jason Rameaka, a significant portion of the payments from the United States and other sources made to Dr. Wehbe as reimbursements for infusion of Remicade, chemotherapy drugs, and other infusion drugs were based on fraudulent claim submissions by Dr. Wehbe.

10. As set forth in the attached and hereby incorporated Declaration of Jason Rameaka, Dr. Wehbe did not administer the doses of Remicade specified in his bills, and rather, Dr. Wehbe inflated these bills in order to maximize reimbursement.

11. As set forth in the attached and hereby incorporated Declaration of Jason Rameaka, the proceeds from this fraudulent billing were commingled with other funds and/or routed through an account and funds from that account were deposited into and constitute some or all of defendant properties.

12. A full and complete recitation of facts is set forth in the Declaration of Jason Rameaka, which is incorporated in its entirely herein.

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that Plaintiff be awarded its costs and disbursements in this action, and for such other and further relieve as the Court deems proper and just.

Respectfully submitted,
UNITED STATE OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax
Email: milind.shah@usdoj.gov

Dated: May 23, 2008

# VERIFICATION

I, Special Agent Jason Rameaka, hereby verify and declare under penalty of perjury that I am a Special Agent with Criminal Investigation, Internal Revenue Service, United States Department of Treasury, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the factual matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are set forth in detail in my Declaration, which is attached to the Complaint.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Special Agent Jason Rameaka

Dated: May 23, 2008